UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENT L. VANGSNESS,<br>Plaintiff,<br>v.<br>BERNARD FRANK VANGSNESS, CARPENTER MCGUIRE & DEWULF LLC, AND DOES 3-25<br>Defendant. | NO: 2:14-CV-0258-TOR<br><br>ORDER RE: DISMISSAL WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff's Petition for Writ of Mandamus (ECF No. 4) and Habeas Corpus Petition for Emergency Declaratory and Injunctive Relief (ECF No. 6). Mr. Vangsness is proceeding *pro se* and *in forma pauperis*; Respondents have not been served.

//

//

//

## BACKGROUND

Plaintiff, currently a prisoner at the Spokane County Detention Center, has filed a writ of mandamus seeking equitable or injunctive relief and appointment of counsel.[1] ECF No. 4 at 4. Plaintiff alleges violation of the following: Fifth, Sixth, and Fourteen Amendments to the U.S. Constitution; Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; and Unfair Practice in a Real Estate Transaction, RCW § 49.60.224. *Id.* at 3-4. However, based on this Court's reading of Plaintiff's submission, Plaintiff is seemingly alleging that he is the true owner of his intestate grandfather's property, and Defendants' removal of Plaintiff from that property was improper. *Id.* at 1-3.

//

//

---

[1] On September 5, 2014, Plaintiff also filed a Habeas Corpus Petition for Emergency Declaratory and Injunctive Relief (ECF No. 6) seeking transfer to a court hearing set for September 8, 2014. This Court did not hold a hearing regarding Plaintiff's case on that date. More appropriately, Plaintiff should have petitioned for a writ of habeas corpus *ad testificandum* with the court that had jurisdiction over this claimed hearing, not this court. *See* 28 U.S.C. §§ 1651(a), 2241(c)(5). Regardless, because this hearing date has passed, Plaintiff's petition is moot. Therefore, this petition is **DENIED**.

## DISCUSSION

### A. Writ of Mandamus

Plaintiff petitions this court for a writ of mandamus for injunctive and equitable relief. ECF No. 4. District courts may grant writs when necessary or appropriate in aid of their jurisdiction. 28 U.S.C. § 1651. The writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal citation omitted). To satisfy the issuance of a writ, the party seeking the writ must satisfy the following three conditions: (1) no other adequate remedy is available; (2) the right to the writ is "clear and indisputable;" and (3) the court, in its discretion, determines that a writ is appropriate under the circumstances. *Id.* at 380-81. Plaintiff's submission has undoubtedly failed to satisfy these standards.

More plausibly, Plaintiff intended his submission to constitute an initial pleading to commence an action in federal court. Thus, this court will construe Plaintiff's submission as such.

### B. Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (limits on federal jurisdiction "must be neither disregarded nor evaded"); *see also United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) ("a court of the

United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction"). Thus, it is presumed that a federal court lacks jurisdiction "unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A court may consider subject matter jurisdiction *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Generally, subject matter jurisdiction is established (1) when there is diversity of citizenship under 28 U.S.C. § 1332; or (2) where a claim arises under federal law. 28 U.S.C. § 1441(c). Under federal question jurisdiction, federal district courts have original jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a suit arises under federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Although Plaintiff alleges numerous actions arising under federal law, he fails to provide sufficient facts to support these claims. First, the Constitution

generally inhibits the powers of governments and their agencies, not private persons. *See Naoko Ohno v. Yko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) ("[M]ost rights secured by the Constitution are protected only against infringement by governments," so that "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State.'") (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936-37 (1982)). Plaintiff's constitutional claims fail to meet this state action requirement. Second, Plaintiff's Americans with Disabilities Act and Fair Housing Act claims are unsupported by the facts alleged and undoubtedly fail to meet federal pleading standards. *See* Fed. R. Civ. P. 8(a). Plaintiff generally asserts that both federal claims prohibit discrimination based on disability; however, he fails to identify how these claims apply to the particular facts alleged. ECF No. 4 at 3.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000)(en banc). It is clear to this Court that Plaintiff will not be able to correct his deficiencies in order to establish federal jurisdiction in this case.

Because Plaintiff's claims supporting federal question jurisdiction are unsupported, this Court lacks subject matter jurisdiction over Plaintiff's action.

Accordingly, Plaintiff's submission (ECF No. 4) is **DISMISSED without prejudice**.

**C. Revocation of *In Forma Pauperis* Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. As stated above, this Court lacks subject-matter jurisdiction over Plaintiff's claim so any appeal would be frivolous. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Writ of Mandamus (ECF No. 4) is **DISMISSED without prejudice.**
2. Plaintiff's Habeas Corpus Petition for Injunctive and Declaratory Relief (ECF NO. 6) is **DENIED**.

3. Plaintiff's *in forma pauperis* status (ECF No. 3) is **REVOKED**.

The District Court Executive is hereby directed to enter this Order and furnish a copy to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** October 3, 2014.




THOMAS O. RICE
United States District Judge